**FILED**
JAN 18 2008
Jan 18 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT PAYTON, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | 08CV425 |
| FLASH TOWING, INC., HURON ) | JUDGE KOCORAS |
| STREET DELIVERY INC., JAMES ) | MAG. JUDGE VALDEZ |
| BOREK, FLEET SERVICES, ROBERT ) | |
| ROSE, JR., and FRED WEIDMAN, ) | |
| ) | |
| Defendants. ) | JURY DEMANDED |

## COMPLAINT

The plaintiff, Scott Payton, by and through his attorney, Carlton Odim, for his complaint against Defendants Flash Towing, Inc., Flash Towing, Inc. d/b/a Flash Towing, Huron Street Delivery, Inc., James J. Borek, Robert Rose, and Frederick Weidman, state as follows:

### JURISDICTIONAL STATEMENT

1. The United States District Court for the Northern District of Illinois has jurisdiction over the claims stated herein pursuant to 28 U.S.C. §1331; 42 U.S.C. §2000e-2; and 28 U.S.C. §1367.

### NATURE OF PLAINTIFF'S CLAIMS

2. Counts 1 and 11 of this complaint, respectively, state discrimination related claims based on plaintiff's race and sex under Title VII of the Civil Rights Acts of 1964, as amended, codified at 42 U.S.C., 42 U.S.C.A. § 2000e *et seq.*, and the Civil Rights Act of 1991 and under Section 1981 of the United States Civil Rights Acts, 42 U.S.C. § 1981, *et seq.*

3. Counts III, IV, and V of this complaint, respectively, state wage related claims under the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA"), and under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, ("FLSA").

## PARTIES

4. The plaintiff, Scott Payton, is a male African American resident of Cook County, Illinois.

5. Defendant Flash Towing, Inc. is an Illinois corporation with its principal office at 1005 West Huron Street, Chicago, Illinois.

6. Defendant Huron Street Delivery, Inc. is an Illinois corporation with its principal office at 1005 West Huron Street, Chicago, Illinois.

7. Defendant James J. Borek is a resident of Cook County, Illinois. He is an owner and the president of Defendant Flash Towing, Inc., Defendant Huron Street Delivery, Inc., and Defendant Fleet Service.

8. Defendant Fleet Service is business association, business entity, and/or partnership composed of several entities, including, without limitation the following entities: Flash Towing, Inc. and/or Huron Street Delivery, Inc. and/or James Borek, all of which together constitute a single employer for purposes of this proceeding.

9. Defendant Fleet Service employs more than fifteen (15) persons and is an employer as that term is defined in Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

2

10. Defendant James Borek has the authority to hire and fire people employed by Defendant Fleet Service and its component entities, including the plaintiff, the authority to direct and supervise the work of the employees of Defendant Fleet Service, and the authority to sign on the checking accounts of Defendant Fleet Service, including payroll accounts. He makes decisions regarding Defendant Fleet Service employee compensation and capital expenditures.

11. Defendant Robert Rose is an employee and manager of Defendant Fleet Service and one or more of its component entities. He is one of plaintiff's supervisors.

12. Defendant Frederick Weidman is an employee and manager of Defendant Fleet Service and one or more of its component entitites. He is one of plaintiff's supervisors.

## FACTS

13. Plaintiff is employed by Defendant Fleet as a mechanic and tow truck driver.

14. Beginning in or about June 1, 2006 until the plaintiff's filing of a charge of discrimination with the EEOC,[1] plaintiff was subjected to racially derogatory talk, notes, postings, and objects and to sexually explicit talk, notes, postings, and objects.

15. Plaintiff complained to each of the defendants about the conduct described in the preceding paragraph.

---

[1] A copy of plaintiff EEOC charge dated February 5, 2007 is attached as Exhibit 1. And a copy of the EEOC's Right to Sue letter dated November 11, 2007 is attached as Exhibit 2.

3

16. The plaintiff complained to each of the defendants about the racial and sexual conduct referred to in this complaint, and the defendants took no action to stop the conduct complained of.

17. Defendant Fleet Service is plaintiff's "employer" as defined in the IMWL, 820 ILCS 105/3(c), the TWPCA, 820 ILCS 115/1 *et seq.*, and the Fair Labor Standards Act, 29 U.S.C. 203(d).

18. Defendant Fleet Service is an "enterprise" as defined by Section 3(r)(1) of the FSLA, 29 U.S.C. 203(r)(1), and is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), in that its employees are engaged in interstate commerce and its annual gross volume of sales made or business done exceeds $500,000 exclusive of excise taxes.

19. Defendant Fleet Service agreed to compensate Plaintiff for his work at the hourly rate agreed to by the parties.

20. Plaintiff was directed to work, and did work, in excess of forty (40) hours per week by Defendant Fleet Service.

21. Defendant Fleet Service failed to pay Plaintiff all his earned overtime and other wages through one or more of the the following schemes: (a) "splitting" weekly compensation between multiple paychecks so that no individual paycheck identified him as having worked more than forty (40) hours a week; (b) paying straight-time wages for all hours worked, including hours worked in excess of forty (40) in individual work weeks, (c) failing and refusing to pay for all time worked in individual workweeks, including overtime hours, (d) paying straight-time wages at a fixed weekly amount for all hours worked, including hours worked in excess of forty (40) in individual work weeks,

4

(e) paying straight-time wages at a fixed weekly amount for all hours worked, including hours worked in excess of forty (40) in individual work weeks, then compelling plaintiff to return wages in cash for the hours plaintiff took as time-off in the individual weeks, (f) and depriving plaintiff of his earned over time and other wages by other means.

## COUNT I

### Violation of the Title VII of Civil Rights Acts
(Against Defendants Fleet Service, Flash Towing, Inc., Huron Street Delivery, Inc., and James Borck)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 16 of this Complaint.

22. The actions of the defendants complained of above are violations of the provisions of Title VII of the Civil Rights Acts, 42 U.S.C.A. § 2000e *et seq.*

23. The actions of the defendants complained of above were knowing and intentional violations of plaintiff's rights.

24. As a result of defendants' conduct, plaintiff has suffered economic injury, injury to his career development, and emotional and mental distress injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants Fleet Service, Flash Towing, Inc., Huron Street Delivery, Inc. and James Borck in an amount adequate to fully compensate Plaintiff for all damages he has suffered, together with front pay, punitive damages, and an award of attorneys fees, expenses, and all other just and proper relief in the premises.

## COUNT II

**Violation of Section 1981 of the Civil Rights Acts**
(Against Defendants Fleet Service, Flash Towing, Inc.,
Huron Street Delivery, Inc., James Borek, Robert Rose, and Fred Weidman)

Plaintiffs hereby reallege and incorporate paragraphs 1 through 16 of this Complaint.

25. The actions of the defendants complained of above are violations of the provisions of Title VII of Section 1981 of the United States Civil Rights, 42 U.S.C. § 1981, *et seq.*

26. The actions of the defendants complained of above were knowing, intentional and/or in reckless disregard for the rights guaranteed to the plaintiff by the law under which he brings this complaint.

27. As a result of defendants' conduct, plaintiff has suffered economic injury, injury to his career development, and emotional and mental distress injuries.

WHEREFORE, Plaintiff prays for judgment against Defendants Fleet Service, Flash Towing, Inc., Huron Street Delivery, Inc., James Borek, Robert Rose, and Fred Weidman in an amount adequate to fully compensate Plaintiff for all damages he has suffered, together with punitive damages, and an award of attorneys fees, expenses, and all other just and proper relief in the premises.

## COUNT III

**Violation of the Illinois Minimum Wage Law -- Overtime Wages**
(Against Defendants Fleet Service, Flash Towing, Inc.,
Huron Street Delivery, Inc., and James Borek)

Plaintiff incorporate paragraphs 17 through 21 above, as if fully set forth herein.

28. Defendant Fleet's failure to pay overtime wages to plaintiff and Defendant Fleet's compelling plaintiff to repay wages paid when plaintiff took time off violated the maximum hour provisions of the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL").

29. The actions of the defendants complained of above were knowing, intentional and/or in reckless disregard for the rights guaranteed to the plaintiff by the law under which he brings this complaint.

30. Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendant Fleet, as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq.;

D. A determination of the rights of the parties and a direction to Defendant Fleet Service account for all hours worked and wages paid to the plaintiff during the periods relevant to this action;

E.  Such other and further relief as this Court deems appropriate and just.

## COUNT IV

### Illinois Wage Payment and Collection Act
(Against Defendants Fleet Service, Flash Towing, Inc., Huron Street Delivery, Inc., and James Borek)

Plaintiffs incorporate paragraphs 17 through 21 above, as if fully set forth herein.

31.  Defendant Fleet Service failed and refused to compensate Plaintiff for all hours he worked for Defendants in violation of the the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA").

32.  The actions of the defendants complained of above were knowing, intentional and/or in reckless disregard for the rights guaranteed to the plaintiff by the law under which he brings this complaint.

33.  Plaintiff has been damaged by the failure to be paid for all hours he worked.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

A.  A judgment in the amount of all back wages due as provided by the Illinois Wage Payment and Collection Act;

B.  Prejudgment interest on the back wages in accordance with 815 ILCS 205/2;

C.  Reasonable attorneys' fees and costs of this action;

D.  A determination of the rights of the parties and a direction to Defendants to account for all hours worked and wages paid to the plaintiff during the periods relevant to this action;

E.  An injunction precluding Defendants from violating the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*;

F.  Such other and further relief as this Court deems appropriate and just.

## COUNT V

### Violation of the Fair Labor Standards Act – Overtime Wages
(Against Defendants Fleet Service, Flash Towing, Inc., Huron Street Delivery, Inc., and James Borek)

Plaintiff hereby reallege and incorporate paragraphs 17 through 21 of this Complaint.

34. During his employment by Defendants, plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. §207.

35. Defendants' failure to pay Plaintiff overtime wages at a rate of one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) in individual work weeks violated the Fair Labor Standards Act, 29 U.S.C. §207

36. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. §207.

37. Defendant Fleet Service willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for all hours he worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the then applicable minimum wage for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**Plaintiff demands a jury trial on each count of this complaint.**

January 17, 2008

Respectfully submitted,

_____
Carlton E. Odim
Odim Law Offices
Attorney for Plaintiff
19 South LaSalle Street
Suite 1300
Chicago, IL 60603
(312) 578-9390

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA  [X] EEOC | 440-2007-02924 |

Illinois Department Of Human Rights  and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Scott C. Payton | (312) 206-2637 | 01-31-1962 |

| Street Address | City, State and ZIP Code |
|---|---|
| 300 North State Street, Apt. #2927, Chicago, IL 60610 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| FLEET SERVICE | 15 - 100 | (312) 243-8077 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1005 West Huron Street, Chicago, IL 60622 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE  [ ] COLOR  [X] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] OTHER (Specify below.)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 06-01-2006   Latest: 02-05-2007

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Respondent in September 2001. My current position is Diesel Mechanic. Beginning on or about June 1, 2006 and continuing, I have been subjected to racially derogatory notes and postings in my work area. I have also been subjected to sexually explicit notes and had graphic objects placed in my work area. I have complained about these notes and objects, however the notes and objects continue to appear in my work area.

I believe I have been discriminated against because of my race, Black and my sex, male, in violation of Title VII of the Civil Rights Act of 1964, as amended.

RECEIVED EEOC

FEB 05 2007

CHICAGO DISTRICT OFC

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Feb 05, 2007    [signature] Scott C. Payton  Date  Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

Exhibit 1

EEOC Form 161-A (3/98)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To: Scott C. Payton<br>300 North State Street<br>Apt. #2927<br>Chicago, IL 60610 | From: Chicago District Office<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |

CERTIFIED MAIL 7099 3400 0018 8814 7733

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-02924 | Emily McFarlin, Investigator | (312) 353-7312 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*        11/20/07

Enclosures(s)     John P. Rowe,<br>District Director      (Date Mailed)

cc: FLASH TOWING INC. d/b/a FLEET SERVICE

Exhibit 2